IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                Criminal Action 2:18-cr-074
                                            JUDGE JAMES L. GRAHAM

**WILLIAM D. MERCKLE**

## REPORT AND RECOMMENDATION

Defendant William D. Merckle pleaded not guilty to an *Indictment* charging him with three (3) counts of drug offenses in violation of 21 U.S.C. § 841 (Counts 1 - 3), and eight (8) counts of transporting, possessing, selling, or transferring distilled spirits in an improper container in violation of 26 U.S.C. §§ 5301(d), 5604(a)(1) (Counts 4 – 11). *Indictment*, ECF No. 9. The *Indictment* also contains a forfeiture count. The United States and defendant thereafter entered into a plea agreement[1] whereby defendant agreed to enter a plea of guilty to Counts 3 and 10 of the *Indictment*. On September 6, 2018, defendant, accompanied by his counsel, appeared for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the

---

[1] The *Plea Agreement*, ECF No. 23, invokes Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. However, in light of the agreed sentence contained in the *Plea Agreement*, the parties agree that the *Plea Agreement* is governed by the provisions of Rule 11(c)(1)(C). The parties also specifically agree that Paragraph 10 of the *Plea Agreement* should be corrected to read, "**Acceptance of Plea Agreement**: The Defendant understands that the Court is bound by the sentencing recommendations and stipulations of the parties." *See Plea Agreement*, ECF No. 23, PageID# 57. Under the *Plea Agreement*, defendant also agrees not to contest the forfeiture count contained in the *Indictment*.

1

time he entered his guilty pleas, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's pleas, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of his pleas of guilty to Counts 3 and 10. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on July 13, 2018, represents the only promises made by anyone regarding the charges in the *Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement. Defendant was further advised that, if the Court refuses to accept the plea agreement, defendant will have the opportunity to withdraw his guilty pleas but that, if he does not withdraw his guilty pleas, the District Judge may impose a sentence that is more severe than the sentence contemplated in the plea agreement, up to the statutory maximums.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the plea agreement.[2] He confirmed that he is pleading guilty to Counts 3 and 10 of the *Indictment* because he is in fact guilty of those offenses. The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to Counts 3 and 10 of the *Indictment* are knowingly and voluntarily made with

---

[2] The written statement of facts attached to the *Plea Agreement* does not address the issue of venue. However, defendant expressly conceded at the change of plea proceeding that the offenses charged in Counts 3 and 10 took place in Perry County, Ohio, which is in the Southern District of Ohio.

understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant's guilty pleas to Counts 3 and 10 of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| September 6, 2018 | *s/ Norah McCann King* |
| Date | Norah M<sup>c</sup>Cann King |
| | United States Magistrate Judge |